# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| DARLA CHASE, Individually and as Administrator of the Estate of ROLAND T. WRIGHT, SR., and LAVERNE WRIGHT | ) ) ) ) ) | |
| Plaintiffs, | ) ) | C.A. No. N24C-05-216 CLS |
| v. | ) ) | |
| BELL FUNERAL HOME, LLC, COLEMAN'S FUNERAL SERVICES, and HAVEN MEMORIAL PARK CEMETARY AND CREMATORY, INC., | ) ) ) ) ) ) | |
| Defendants. | ) ) | |

Date Submitted: November 10, 2025
Date Decided: February 12, 2026

*Upon Consideration of the Defendant Coleman Funeral Services' Motion for Partial Judgment on the Pleadings.* **GRANTED.**


## ORDER

Gary S. Nitsche, Esquire for NITSCHE & FREDERICKS, LLC, *Attorney for Plaintiffs*.

Robert J. Cahall, Esquire for MCCORMICK & PRIORE, P.C., *Attorney for Defendant Coleman's Funeral Services*.


**SCOTT, J.**

Having considered Defendant's Motion for Partial Judgment on the Pleadings[1] and Plaintiffs' Response,[2] it appears to the Court that:

1. This matter arises from the alleged mistaken cremation of Ronald T. Johnson's ("Decedent") corpse, who wished to be buried in a casket.[3]

2. On January 8, 2024, Decedent passed away.[4] That same day, family members of Decedent, including Darla Chase and Laverne Wright (collectively, "Plaintiffs"), arranged for Bell Funeral Home to take custody of Decedent's body to prepare for the funeral services and burial.[5] Plaintiff Chase advised Bell Funeral Home that Decedent wished to be buried in a casket.[6]

3. Coleman's Funeral Services ("Coleman") transported Decedent's remains to Bell Funeral Home.[7] Plaintiffs allege that Coleman failed to place [an] identifying tag on the Decedent's remains[.]"[8]

4. On January 21, 2024, Plaintiff Chase went to Bell Funeral Home to inspect the body before the services.[9] When Plaintiff Chase noticed that the body was not

---

[1] Def. Coleman Funeral Servs.' Mot. for Partial J. on the Pleadings, D.I. 65 ("Def.'s Mot. for Partial J. on the Pleadings").
[2] Pls.' Resp. to Def. Coleman Funeral Servs.' Mot. for Partial J. on the Pleadings, D.I. 75 ("Pls.' Resp.").
[3] *See generally* Amended Complaint, D.I. 54 ("Amended Compl.").
[4] Amended Compl. ¶ 6.
[5] *Id.* ¶¶ 8, 13.
[6] *Id.* ¶ 12.
[7] *Id.* ¶¶ 9–10.
[8] *Id.* ¶ 11.
[9] *Id.* ¶ 17.

the Decedent, she notified Bell Funeral Home employees.[10] Bell Funeral Home allegedly "tried to convince [Plaintiffs and other family members] that the corpse was in fact her father."[11]

5. Eventually, Plaintiffs learned that Decedent was cremated against his wishes on or around January 20, 2024, after Haven Memorial Park Cemetery and Crematory, Inc., failed to confirm Decedent's identification.[12]

6. Collectively, Plaintiffs filed an Amended Complaint against Bell Funeral Home, LLC, Coleman Funeral Services, and Haven Memorial Cemetery and Crematory, Inc., for negligence, gross negligence and mistreatment of the decedent's corpse, professional services negligence, negligent infliction of emotional distress, fraud and misrepresentation, and burial interference.[13]

7. Coleman now moves for partial judgment on the pleadings, asking the Court to dismiss Plaintiffs' claim for negligent infliction of emotional distress ("NIED") against it.[14] According to Coleman, Plaintiffs fail to state a claim for NIED because they were not in the "zone of danger."[15]

---

[10] Amended Compl. ¶ 18.
[11] *Id.* ¶¶ 18, 20–22.
[12] *Id.* ¶¶ 27–28.
[13] *See generally* Amended Compl.
[14] *See generally* Def.'s Mot. for Partial J. on the Pleadings.
[15] *Id.* ¶ 20.

8. On the other hand, Plaintiffs cite *Armstrong v. A.I. Dupont Hospital for Children*[16] to argue that the zone of danger extended to the circumstances of this case because they witnessed the negligence as it continued to happen.[17] Alternatively, Plaintiffs claim that Delaware law "permits recovery for emotional distress without the need to satisfy the 'zone of danger' test" in an action for the mistreatment of a corpse.[18]

9. Under Superior Court Civil Rule 12(c), "any party may move for judgment on the pleadings." "In resolving a Rule 12(c) motion, the Court accepts the truth of all well-pleaded facts and draws all reasonable factual inferences in favor of the non-movant."[19] The standard of review on a motion for judgment on the pleadings tracks the standard for a motion to dismiss under Rule 12(b)(6).[20] Accordingly, "[t]he Court will not grant judgment on the pleadings unless, after drawing all reasonable inferences in favor of the non-moving party, no material issues of fact exists and movant is entitled to judgment as a matter of law."[21]

---

[16] 60 A.3d 414, 424 (Del. 2012).
[17] Pls.' Resp. ¶ 13.
[18] *Id.* ¶ 14.
[19] *Fortis Advisors LLC v. Boston Dynamics Inc.*, 2025 WL 1356521, at *3 (Del. Super. Apr. 29, 2025) (citing *D'Antonio v. Wesley Coll., Inc.*, 2023 WL 9021767, at *2 (Del. Super. Dec. 29, 2023)).
[20] *Silver Lake Office Plaza, LLC v. Lanard & Axilbund, Inc.*, 2014 WL 595378, at *6 (Del. Super. Jan. 17, 2014) (quoting *Blanco v. AMVAC Chem. Corp.*, 2012 WL 3194412, at *6 (Del. Super. Aug. 8, 2012)).
[21] *Four Cents Hldgs., LLC v. M&E Printing, Inc.*, 2025 WL 2366460, at *4 (Del. Super. Aug. 12, 2025) (citing *Ford Motor Co. v. Earthbound, LLC*, 2024 WL 3067114, at *7 (Del. Super. June 5, 2024)).

10. The elements of a claim for NIED are: "(1) negligence causing fright to someone; (2) in the zone of danger; (3) producing physical consequences to that person as a result of the contemporaneous shock."[22]

11. The parties dispute whether Plaintiffs, as third parties, were in the zone of danger as it concerns Coleman's alleged negligence. In *Robb v. Pennsylvania Railroad Co.*, the Delaware Supreme Court adopted the zone of danger prong as an element of claims for NIED.[23] The zone of danger entitles a party to recover only where the "negligence proximately caused fright, [to] one within the immediate area of physical danger from that negligence, which . . . produce[s] physical consequences[.]"[24] The *Robb* Court, however, left open the question of whether recovery for NIED would be permitted "wherein fright arose from the peril of another and the plaintiff was not in the path of danger created by the negligence asserted."[25]

12. In *Armstrong*, this Court answered the question left open by *Robb*, and extended the zone of danger to third-party plaintiffs, holding "that a claim for

---

[22] *Rhinehardt v. Bright*, 2006 WL 2220972, at *5 (Del. Super. July 20, 2006) (quoting *Snavely v. Wilmington Med. Ctr.*, 1985 WL 552277, at *3 (Del. Super. Mar. 18, 1985)) (internal quotation marks omitted); *see also Armstrong*, 60 A.3d at 423.
[23] 210 A.2d 709, 715–16 (Del. 1965).
[24] *Id.*
[25] *Id.* at 711.

[NIED] is a viable cause of action where the negligence is continuing *and* occurs in the third person's presence."[26]

13.  In *Boas v. Christiana Care Health Services, Inc.*, this Court did not extend the zone of danger to third-party plaintiffs where an autopsy was performed on an infant without the parents' consent.[27]  The *Boas* Court concluded that because the plaintiffs' fright arose from the peril of another, and they did not allege that the negligence was continuing or occurred in their presence, they were required to allege that they were in the zone of physical danger under *Robb*.[28]

14. Like *Boas*, Plaintiffs allege that Defendants' mistaken cremation of Decedent, against Decedent's express wishes, caused them emotional distress, and their fright arose when Bell Funeral Home attempted to convince Plaintiffs that the body in the casket was the Decedent when it was not.[29]  Therefore, Plaintiffs' claim for NIED arose from the peril of another, the Decedent.  Further, the Amended Complaint does not allege that the failure to place an identifying tag occurred in Plaintiffs' presence nor that Coleman's negligence continued.  Consequently, Plaintiffs must allege they were in the zone of physical danger consistent with Robb.

---

[26] *Armstrong*, 60 A.3d at 424, 426 (emphasis added).
[27] 2023 WL 4842102, at *1 (Del. Super. July 26, 2023).
[28] *Id.* at *4 (distinguishing *Armstrong* from the facts at issue in this case).
[29] Amended Compl. ¶¶ 44–45.

15.  Plaintiffs do not allege that they were physically present when Coleman's actions occurred and thus fail to adequately plead a claim for NIED against Coleman.

16.  Moreover, Plaintiffs' claim that there is a distinct, common-law cause of action for the mistreatment of a corpse that permits recovery for emotional distress without the need to show they were in the zone of danger is not relevant for purposes of ruling on Coleman's motion.  Coleman only seeks judgment on Plaintiffs' cause of action for NIED.  Hence, the Court rejects Plaintiffs' argument.

17.  For the foregoing reasons, Defendant Coleman Funeral Services' Motion for Partial Judgment on the Pleadings is **GRANTED**.


**IT IS SO ORDERED.**

*/s/ Calvin Scott*
Judge Calvin L. Scott, Jr.